United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Summary Calendar
No. 06-20978

In The Matter of: CONTRACTOR TECHNOLOGY LTD.

Debtor

--------------------

CIPRIANO G VARELA, doing business as Gube Trucking

Plaintiff - Appellant

v.

RONALD J SOMMERS

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:06-CV-2477
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

We affirm the district court's judgment affirming the bankruptcy court's judgment avoiding unauthorized post-petition transfers under 11 U.S.C. § 549 in the amount of $85,456.35. Both courts correctly concluded that the funds held in the debtor's bank account on the petition date were property of the estate under 11 U.S.C. § 541 because, at a minimum, legal title to the funds was held by the debtor. The plaintiff-appellant's

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

assertion that the funds at issue were trust funds under the Texas Trust Fund Statute and therefore excludable from property of the estate is, as the trustee argues, premature. The issue of whether a trust exists and the identity of its beneficiaries remains to be litigated. The plaintiff-appellant will have his day in court on that issue. The other matter that the plaintiff-appellant would like to pursue is whether the funds at issue were held by the debtor "as of the commencement of the case." That question, which is fact-intensive, was not raised in the bankruptcy court and is not properly before us.

AFFIRMED.